(No. 51705

SALLY KRASNOW *et al.* v. BRUCE BENDER *et al.* (Heller & Morris, Appellants, v. Yellow Cab Company *et al.*, Appellees).

*Opinion filed December 3, 1979.*

Heller & Morris, of Chicago (Benjamin H. Cohen and Hugh J. Schwartzberg, of Schwartzberg, Barnett & Cohen, of counsel), *pro se.*

Jesmer & Harris, of Chicago (Charles Tannen and Al Wiederer, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This cause is before the court on appeal from an order of the Appellate Court, First District, dismissing the appeal on the ground that the orders from which it was taken were not final and appealable. In the first order from which review was sought, the circuit court of Cook County

directed counsel for the plaintiffs to pay a fixed sum of money on a specified date for the cost of a scheduled medical examination and for attorney's fees. The order imposed sanctions authorized under our Rule 219(c) (58 Ill. 2d R. 219(c)) for failure to comply with discovery. In the second order, the circuit court denied plaintiffs' counsel's motion to vacate the order imposing the sanctions.

The challenged orders were entered in the course of a personal injury action filed by Sally Krasnow and Anna Nazarowski against Yellow Cab Company and its employee, Bruce Bender. At a pretrial conference, the parties agreed, with the acquiescence of the trial judge, that plaintiff Krasnow would be examined by Dr. I. Joshua Speigel pursuant to our Rule 215 (58 Ill. 2d R. 215). Krasnow appeared for the examination, but, on advice of counsel, she refused to give a medical history. Dr. Speigel then refused to conduct the examination.

Thereafter, Yellow Cab Company petitioned the court for, among other relief, sanctions to be imposed on plaintiffs' counsel, Heller and Morris, for obstructing the medical examination to which Krasnow had agreed. After a hearing, the trial court, on August 19, 1977, ordered Krasnow to appear for a physical examination and to give a medical history in connection with the examination. The August 19 order further directed that "[t]he law firm of Heller and Morris shall, within 7 days from today pay to Yellow Cab Company $75.00 to reimburse it for Dr. Speigel's fee, and to Jesmer and Harris [defense counsel] the sum of $100.00 as attorney's fees."

On August 30, 1977, the trial court denied Heller and Morris' motion to vacate the August 19, 1977, order. The court found that the petition for sanctions adjudicated in the August 19 order was a matter separate and distinct from the issues to be tried between the parties, that the court retained jurisdiction of the issue of compliance with and enforcement of the sanctions, and that any proceed-

ings concerning the enforcement of the sanctions would not delay or interfere with the trial of the underlying case. By August 30, 1977, Krasnow had already complied with the order to be examined and give a medical history.

On September 1, 1977, Heller and Morris filed a timely notice of appeal under Rule 303(a) (65 Ill. 2d R. 303(a)), from the August 19 and August 30 orders. On September 27, 1977, pursuant to a settlement agreement, an order was entered dismissing the personal injury action as to all matters between the parties. The court retained jurisdiction to enforce the sanctions imposed on counsel by the August 19 order, pending the outcome of the appeal in the appellate court. On October 13, 1977, Heller and Morris filed a second notice of appeal. The two appeals were docketed under separate numbers in the appellate court and were later consolidated.

On motion of the Yellow Cab Company, the appellate court dismissed the consolidated appeals on the ground that the orders appealed from were not final or otherwise appealable. The appellate court denied Heller and Morris' petition for rehearing, and we allowed the petition for leave to appeal filed by Heller and Morris (65 Ill. 2d R. 315).

We hold that, under the circumstances of this case, the order of the circuit court directing plaintiffs' counsel to pay a fixed sum of money on a specified date as a sanction for obstructing discovery was final and appealable. Following settlement of the underlying action, there was no reason to delay appeal of the sanctions order. Whatever doubt there may have been as to the appealability of the order was removed once settlement was reached. To hold that the order was not appealable following settlement would effectively bar plaintiffs' counsel from any opportunity of obtaining judicial review of the sanctions imposed. In this regard, it is significant to note that plaintiffs' counsel properly safeguarded its appeal rights by filing a second notice of appeal following settlement.

Defendants cite the principle that orders pertaining to discovery generally are not appealable until the conclusion of the underlying action, but that principle can have no application in a situation such as that presented here in which the underlying action is settled. "[T]he only opportunity for review *** of the correctness of the order is by appeal from that order." (*Eskandani v. Phillips* (1975), 61 Ill. 2d 183, 194.) The appellate court erred in dismissing the appeal.

The parties have briefed the merits of the question of whether the circuit court properly imposed on plaintiffs' counsel the attorney's fees and the cost of the medical examination. In addition the full record is before us. Under these circumstances, it is appropriate in the interest of judicial economy that we decide the merits of this cause at this time, even though the appellate court dismissed the appeal and therefore did not reach the merits (see *People v. Berland* (1978), 74 Ill. 2d 286, 310) and even though the petition for leave to appeal raised only the question of the appellate court's dismissal of the appeal. See *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 437.

Under our discovery rules reasonable expenses may be imposed upon a party who "unreasonably refuses to comply" with the discovery rules or "fails to comply" with orders of court under the rules (58 Ill. 2d R. 219(c)). The parties here agreed, with the acquiescence of the trial court, that plaintiff would submit to an examination by a physician under discovery Rule 215(a) (58 Ill. 2d R. 215(a)). That rule authorizes medical examinations as a tool of discovery. No order of court directing the medical examination was necessary in this case since the parties had agreed at a pretrial conference to comply with Rule 215(a) and thereby waived the necessity of an order. In this situation, an unreasonable refusal to submit to the medical examination authorized by Rule 215(a) would be a noncompliance with discovery rules which would justify the imposition of sanctions.

The question here is thus whether counsel's advice that plaintiff not give any medical history was an unreasonable refusal to submit to an examination by a physician. The circuit court held that the medical history was an integral and necessary part of the physical examination to which plaintiff had agreed. Decisions in other jurisdictions provide explicit and implicit support for the circuit court's ruling (*Simon v. Castille* (La. App. 1965), 174 So. 2d 660, 666 (medical history is necessary and integral part of medical examination); *Sharff v. Superior Court* (1955), 44 Cal. 2d 508, 510, 282 P.2d 896, 897 (doctor should be free to ask questions necessary to formulate an intelligent opinion regarding the nature and extent of plaintiff's injuries)). Furthermore, it is clear as a matter of common practice and common understanding that a medical history is part of every medical examination. Therefore, we find that the advice not to provide any medical history was an unreasonable interference with the medical examination.

Plaintiffs' counsel argues that a medical examination should not be used as an unlimited inquisition to obtain admissions against a plaintiff but recognizes that an examining physician should be permitted to pose questions necessary to determine the nature and extent of a plaintiff's injuries and disabilities (*Sharff v. Superior Court* (1955), 44 Cal. 2d 508, 510, 282 P.2d 896, 897). Counsel here did not merely advise plaintiff not to answer specific questions which might have been improper. Such a situation is not before us. Instead we are faced with a situation in which counsel advised his client not to give any medical history at all prior to the examination. This is an unreasonable interference with the medical examination even under counsel's own argument.

Plaintiffs' counsel further contends that, because other medical records containing medical histories were to be made available to the examining physician, plaintiff did not have to answer any questions concerning her medical

history. The availability of other medical records does not justify a blanket refusal to give a medical history, since each physician may consider different or additional matters important (*Simon v. Castille* (La. App. 1965), 174 So. 2d 660, 666). In addition, possible further developments after the date of the prior histories would require further inquiries and a new additional medical history.

Plaintiffs' counsel argues also that the advice not to provide a history was justified because a nurse rather than the physician initiated the taking of the medical history. This argument is unreasonable since the fact the nurse might have asked the questions does not make them less the questions of the examining physician or less essential to the medical examination.

In sum, counsel's advice that plaintiff totally refuse to provide a medical history was an unreasonable disregard of Rule 215(a) with which plaintiff, with the acquiescence of the trial court, had agreed to comply. Under these circumstances the court properly imposed sanctions in the amount of attorney's fees and medical costs incurred as a result of plaintiff's refusal to provide a medical history.

For the reasons stated, the judgment of the appellate court dismissing the appeal is reversed. The order of the circuit court imposing attorney's fees and medical costs is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*