*In re* MARRIAGE OF WANDA YOUNG, Petitioner-Appellee, and KEITH L. YOUNG, Respondent-Appellant.

First District (2nd Division)   No. 1—91—1088

Opinion filed April 13, 1993.

Anthony P. Pacelli, of Chicago, for appellant.

Griffith & Jacobson, of Chicago (Irvin J. Jacobson and James E. Mahoney, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

On September 14, 1989, petitioner Wanda Young filed for a dissolution of her marriage to respondent Keith L. Young, a personal injury attorney. On September 29, 1989, she filed her first notice to produce which called for respondent to provide, within 28 days, various documents regarding his income, assets and expenses, including bank statements and tax returns as well as financial records pertaining to both resolved and pending cases relating to his law practice. Respondent refused to comply with the notice and denied access to any records pertaining to his law practice because he claimed that they were

protected by the attorney-client privilege. On January 23, 1990, when the trial court ordered both parties to submit briefs on the issue of the applicability of the attorney-client privilege to the demand for discovery, respondent informed the court that he would produce all documents concerning which he claimed no privilege.

Although the record does not disclose the date on which such briefs were to be submitted to the court, as of March 8, 1990, respondent had not filed his brief nor had he produced any documents; accordingly, the court entered an order on March 15, 1990, which required him to submit his brief within 14 days and to produce all documents to which he did not assert any claim of privilege within 21 days. As of June 7, 1990, however, respondent still had not submitted his brief or produced any documents; nevertheless, the trial court granted respondent an additional week to file his brief, and this time he complied. On June 26, 1990, the court held that none of the financial records sought in discovery, including those relating to attorney fees received by respondent, were privileged, and ordered him to produce the records pertaining to all his closed and pending cases from the time period between January 1, 1987, "to the present."

Although the June 26 order did not provide any specific date by which respondent was to produce those records, as of August 1, 1990, he had yet to supply all the required documents; accordingly, the court entered another order on that date, requiring both parties to produce all their financial records, including bank statements, cancelled checks, check stubs, ledgers and journals, within 14 days. Because respondent persisted in his failure to produce, the court entered yet another order on September 11, 1990, which provided in part:

"1. Each party *MUST* comply with all outstanding discovery requests *within* seven (7) days hereof.

2. This matter is set for 9:15 a.m. on Sept. 24, 1990 for status as to discovery and consideration by the Court of the imposition of sanctions for failure to comply." (Emphasis in original.)

Respondent did not tender any documents until the morning of the status hearing on September 24, 1990, and even then he had not produced much of the financial data which the court had ordered him to provide. When asked by the judge for the reasons as to why these documents had not been produced, respondent's attorney stated:

"I can't account for the financial records. I can't. I have no further information about that, judge. I wish I could tell the court."

The court then told counsel for respondent:

"Mr. Young doesn't believe these Court orders. Mr. Young's pleadings will be stricken and a default will be entered. Further sanctions will be reserved.

Mr. Jacobson, submit your petition for fees.
* * *
Mr. Young should be told that the Court has been very patient."

Petitioner's counsel submitted his petition for fees in which he itemized his time and services, requesting $11,240. After an evidentiary hearing, the court entered an order on October 31, 1990, awarding petitioner $7,500 for respondent's failure to comply with its discovery orders, stating in its order that the fees were imposed pursuant to section 508(b) of the Marriage and Dissolution Act (section 508(b)) (Ill. Rev. Stat. 1989, ch. 40, par. 508(b)). The court's order also allowed respondent to reinstate his pleadings, conditioned upon his filing with the court a Supreme Court Rule 214 (134 Ill. 2d R. 214) affidavit stating that he had complied with discovery and providing reasons for his previous noncompliance.

On November 30, 1990, respondent filed a motion to reconsider which, after a brief hearing, the judge denied on March 15, 1991, explaining to his new counsel that "we have gone through this case many, many, many months, and we have had a totally recalcitrant respondent." On April 3, 1991, respondent filed his notice of appeal from the trial court's orders entered on October 31, 1990, and March 15, 1991. Thereafter, on April 9, 1991, the trial court entered an order which amended the judgment order of March 15, 1991, to include Supreme Court Rule 304(a) (134 Ill. 2d 304(a)) language.

I

Although respondent challenges on appeal the trial court's imposition of attorney fees as a sanction against him, we first address *sua sponte*, as we must, whether we have jurisdiction of the case before us. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440, 490 N.E.2d 1252, 1253.) Illinois Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a))[1] allows an appeal to be taken from a final judgment as to one or more but less than all of the claims in an action if the trial court makes an express finding that there is no

---

[1] We note that, contrary to Supreme Court Rule 341(e)(4)(ii) (134 Ill. 2d 341(e)(4)(ii)), respondent has not included the basis of our jurisdiction in his brief. See *Servio v. Paul Roberts Auto Sales, Inc.* (1991), 211 Ill. App. 3d 751, 755, 570 N.E.2d 662, 664.

just reason to delay enforcement or appeal of the judgment. However, the trial court cannot make a nonfinal order final and appealable simply by including in its order the requisite Rule 304(a) language. *Metzger v. Fitzsimmons* (1988), 175 Ill. App. 3d 674, 675, 529 N.E.2d 1179, 1180.

■■ The general rule in this State is that discovery orders are not final and appealable until the underlying action is completed. (*Krasnow v. Bender* (1979), 78 Ill. 2d 42, 47, 397 N.E.2d 1381, 1383; see 4 R. Michael, Illinois Practice §35.6, at 199 (1989).) An exception to that rule, however, is that an order cast in terms of a contempt proceeding wherein sanctions are imposed is considered to be a final and appealable order. (*People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 172, 429 N.E.2d 483, 485; see 4 R. Michael, Illinois Practice §35.6, at 199-200 (1989).) Our supreme court in *Silverstein* reasoned that "[t]he imposition of a sanction for contempt is final and appealable because, although occurring within the context of another proceeding and thus having the appearance of being interlocutory, it is an original special proceeding, collateral to and independent of, the case in which the contempt arises." (*Silverstein*, 87 Ill. 2d at 172, 429 N.E.2d at 485.) It is clear, however, that an order merely assessing fines and costs for discovery violations, unless imposed pursuant to a contempt of court determination, is not final and appealable. See 4 R. Michael, Illinois Practice §35.6, at 199 (1989).

■■ In the case *sub judice*, the trial judge's order expressly stated that she was awarding attorney fees to petitioner pursuant to section 508(b) as a sanction for respondent's violation of her discovery orders. However, the court surely must have contemplated sanctioning respondent under Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c))[2] for the reason that it struck his pleadings and en-

---

[2]Supreme Court Rule 219(c) provides in pertinent part:

"If a party *** unreasonably refuses to comply with any *** [discovery request] or fails to comply with any court order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:

(i) that further proceedings be stayed until the order or rule is complied with;

(ii) that the offending party be debarred from filing any other pleading relating to any issue to which the refusal or failure relates;

(iii) that he be debarred from maintaining any particular claim, counterclaim, third-party complaint, or defense relating to that issue;

tered a default on his behalf, sanctions which are expressly made available to the trial court under Rule 219(c), but are nowhere mentioned or permitted in section 508(b). No matter, for an order assessing attorney fees under either provision is nothing more than a discovery sanction which cannot in any sense be considered a finding of contempt. Here, the hearing on sanctions and the steps leading thereto took on none of the characteristics of a contempt proceeding, nor is the order from which respondent appeals "cast in terms of a contempt proceeding." (*Silverstein*, 87 Ill. 2d at 171, 429 N.E.2d at 485.) Accordingly, we hold that the order in issue does not fall under the contempt exception to the general rule that discovery orders imposing sanctions, even those which include the proper Rule 304(a) language, are not final and appealable; accordingly, we dismiss respondent's appeal for want of jurisdiction.

Appeal dismissed.

McCORMICK, P.J., and HARTMAN, J., concur.

---

(iv) that a witness be barred from testifying concerning that issue;

(v) that, as to claims or defenses asserted in any pleading to which that issue is material, a judgment by default be entered against the offending party or that his action be dismissed with or without prejudice; or

(vi) that any portion of his pleadings relating to that issue be stricken and, if thereby made appropriate, judgment be entered as to that issue.

In lieu of or in addition to the foregoing, the court may order that the offending party or his attorney pay the reasonable expenses, including attorney's fees incurred by any party as a result of the misconduct, and by contempt proceedings compel obedience by any party or person to any subpoena issued or order entered under the rules." 134 Ill. 2d R. 219(c).