No. 2--95--1533

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

NANCY BLOTT,                          )  Appeal from the Circuit Court

                                      )  of Du Page County.

     Plaintiff,                       )

                                      )

     v.                               )  No. 94--L--1325

                                      )

JOHN HANSON,                          )

                                      )

     Defendant-Appellee               )

                                      )

(Jesus Quintero, Defendant;      )  Honorable

Parrillo, Weiss and O'Halloran, )  Edward R. Duncan, Jr.,

Appellant).                      )  Judge, Presiding.

______________________________________________________________________________

     JUSTICE RATHJE delivered the opinion of the court:

     The law firm of Parrillo, Weiss and O'Halloran (law firm)

appeals from an order of the circuit court of Du Page County

requiring the law firm and its client, Jesus Quintero, to pay $525

in attorney fees to the attorneys for Quintero's codefendant, John

Hanson (Hanson), for failure to comply with discovery.  The sole

issue on appeal is whether the trial court abused its discretion in

assessing the attorney fees against the law firm.  No issue is

raised as to whether Quintero should have been required to pay

attorney fees.

     On March 29, 1994, plaintiff, Nancy Blott, filed a complaint 

against Quintero and Hanson seeking damages for injuries she

received while a passenger in an automobile driven by Hanson, which

allegedly was struck by an automobile driven by Quintero.  On

November 30, 1994, the trial court entered an order vacating all

defaults and granting leave to both Quintero and Hanson to file

their pleadings and written discovery within 21 days.  Written

discovery was to be completed by January 18, 1995, and depositions

were to be completed by March 29, 1995.  The matter was continued

for status until April 12, 1995.  

     On November 30, 1994, in addition to his answer, Hanson filed

a counterclaim for contribution against Quintero.  Also on

November 30, 1994, Hanson filed a motion to produce,

interrogatories to be answered by Quintero, and a notice of

deposition for Quintero for February 13, 1995.  According to the

certificate of service, these had previously been sent to

Quintero's attorneys on November 4, 1994.  On December 21, 1994,

Quintero filed his answers to the complaint and Hanson's

counterclaim for contribution and a counterclaim for contribution

from Hanson.  Quintero's counterclaim was later stricken, and an

amended counterclaim for contribution was filed.

     At the April 12, 1995, status hearing, counsel for Hanson

filed a motion for sanctions pursuant to Supreme Court Rule 219

(134 Ill. 2d R. 219) and advised the trial court that Quintero had

not yet answered written discovery.  The trial court entered an

order requiring Quintero to answer written discovery by May 3,

1995.  

     On June 6, 1995, counsel for Hanson and counsel for Quintero

appeared.  Counsel for Hanson sought an order pursuant to Rule 219

striking Quintero's pleadings for failure to comply with written

discovery.  The following colloquy ensued:

          "MR. PARRILLO [Quintero's counsel]:  I would ask for one

     more opportunity to comply.

          THE COURT:  Why haven't you yet complied?

          MR. PARRILLO:  There is a language difficulty problem

     here with our client.

          THE COURT:  Did you contact him?

          MR. PARRILLO: Yes.

          THE COURT:  In six months haven't you had an interpreter

     come in or a family member or a friend who could speak

     bilingual who could get you the information?

          MR. PARRILLO:  Well, we have a Spanish-speaking secretary

     to secure answers and documents.  We have not been able to get

     them."

Counsel for Hanson advised the trial court that while he had no

objection to continuing the case this would be the third time the

case was continued for compliance with discovery.  After being

informed that both defendants had filed counterclaims against each

other, the colloquy continued as follows:

          "THE COURT:  What I am going to do today is award

     attorney's fees for coming in here today and for one on the

     past Court appearance on April 12th.

          I will give you until June 27th to answer the

     interrogatories, and I am going to enter and continue the

     motion for sanctions, further sanctions, under 219 to July

     12th.

          MR. PARRILLO:  Are you entering sanctions against the

     defendant?

          THE COURT:  Against the defendant and your firm.

          MR. PARRILLO:  Why my firm?

          THE COURT:  Why sir?  Because I have the power to do so. 

     You haven't complied with discovery.  You haven't provided me

     with a satisfactory reason for not getting the answers to

     interrogatories on file."

     On July 12, 1995, counsel for Hanson and counsel for Quintero

again appeared.  Counsel for Quintero presented an affidavit in

which she outlined the various efforts that the law firm made to

contact Quintero.  These included letters in both Spanish and

English, numerous telephone calls, as well as personal visits by

Metro Services, Inc., to the place where Quintero was believed to

reside.  The following colloquy then ensued:

          "THE COURT:  Miss Schmal, is there anything you wish to

     state about the affidavit for fees?

          MS. SCHMAL [Quintero's counsel]:  I do not think any of

     it  should be directed towards our firm.  ***

          As you can see from the affidavit, we have done

     everything we can to secure his cooperation.  I would prefer

     that there not be fees assessed against my client as well, but

     that is up for the Court to decide.  I realize there have been

     orders against my client, and he has not answered

     interrogatories.

          THE COURT:  Were these efforts ever communicated to you

     before?

          MR. ROBERTELLI [Hanson's counsel]:  No.

          THE COURT:  They certainly were never--

          MR. ROBERTELLI:  I take that back.   Last time we were

     here, I think Mr. Parrillo made mention that there had been

     efforts made.

          THE COURT:  He didn't outline them, ma'am.  He never

     explained to me prior to the orders being entered that you

     weren't able to contact your client."

The trial court found the $525 in attorney fees set forth in

counsel for Hanson's affidavit to be reasonable and awarded them

against Quintero and the law firm.  The trial court also refused

the law firm's request for a Rule 304(a) (155 Ill. 2d R. 304(a))

finding.

     On August 14, 1995, Hanson filed another motion pursuant to

Rule 219 seeking sanctions for Quintero's refusal to answer written

discovery or appear for his deposition.  Hanson also filed a

petition for a rule to show cause for the failure of either

Quintero or his attorneys to pay the court ordered attorney fees.

     On November 7, 1995, counsel for all parties appeared.  The

trial court rejected counsel for Quintero's argument that it should

have considered the documents in support of the affidavit she

presented on July 12, explaining the law firm's efforts to contact

Quintero, on the basis that it had made its ruling on June 6.  The

trial court also rejected counsel for Quintero's argument that the

fees were not payable until such time as the law firm had had an

opportunity to appeal the award.   After questioning counsel for

Quintero, the trial court granted the motion for sanctions,

ordering Quintero's counterclaim against Hanson dismissed and

entering a default against Quintero on Hanson's counterclaim.  The

trial court also entered summary judgment in favor of Hanson and

against the plaintiff.  Finally, the trial court found that there

was no just reason to delay enforcement or appeal of the order

pursuant to Rule 304(a).

     During the pendency of this appeal, Hanson filed a motion to

dismiss the appeal on the basis that the orders appealed from were

not final orders.

     Rule 304(a) provides in pertinent part that "[i]f multiple

parties or multiple claims for relief are involved in an action, an

appeal may be taken from a final judgment as to one or more but

fewer than all of the parties or claims only if the trial court has

made an express written finding that there is no just reason for

delaying either enforcement or appeal or both."  155 Ill. 2d R.

304(a).  An order is final and appealable if it terminates the

litigation between the parties on the merits or disposes of the

rights of the parties, either on the entire controversy or a

separate part thereof.  Viirre v. Zayre Stores, Inc., 212 Ill. App.

3d 505, 512 (1991).  A Rule 304(a) finding does not make a nonfinal

order appealable; rather, the Rule 304(a) finding makes a final

order appealable where there are multiple parties or claims in the

same action.  Viirre, 212 Ill. App. 3d at 511-12.

     In its amended notice of appeal, the law firm stated it was

appealing from the trial court orders entered on June 6, July 12,

and November 7, 1995.   As to the June 6 and July 12 orders, Hanson

correctly states that orders pertaining to discovery generally are

not appealable until the conclusion of the underlying action. 

Krasnow v. Bender, 78 Ill. 2d 42, 47 (1979).  However, the court

went on to state that the above principle had no application in a

situation in which the underlying action is settled as the only

opportunity for review of the correctness of the order was by an

appeal of that order.  Krasnow, 78 Ill. 2d at 47.

     Hanson's reliance on In re Marriage of Young, 244 Ill. App. 3d

313 (1993) is misplaced.  In that case, during the pendency of an

action for dissolution of marriage, the trial court imposed an

award of attorney fees against the husband for failing to comply

with discovery.  While the trial court also struck the husband's

pleadings and entered a default against him, the order also

permitted the husband to reinstate his pleadings subject to certain

conditions.  In its order imposing the sanction, the trial court

made a finding pursuant to Rule 304(a).  The husband appealed the

attorney fees sanction imposed against him.   The appellate court

dismissed the appeal on the basis that it was a nonfinal order and

not an order imposing sanctions following a contempt proceeding

which would have been considered final and appealable.  Young, 244

Ill. App. 3d at 316.

     In the present case, the order of November 7, 1995, disposed

of the entire controversy between Hanson and Quintero and between

Hanson and the plaintiff, leaving only the action between the

plaintiff and Quintero.  As the order of November 7, 1995,

contained the requisite language under Rule 304(a), that order was

properly appealed from.  Since the orders of June 6 and July 12

pertain to the controversy between Hanson and Quintero, they are

final and appealable as well.  Otherwise, there would be no

opportunity for appellate review of those orders.  Therefore, we

deny the motion to dismiss the appeal. 

     The sole issue raise on appeal is whether the trial court

erred in entering sanctions against the law firm.

     Supreme Court Rule 219(c) provides  a nonexclusive list of

sanctions that a trial court may impose in the event of the

noncompliance with its discovery orders.  The Rule provides further

in pertinent part as follows:

          "In lieu of or in addition to the foregoing, the court

     may order that the offending party or his attorney pay the

     reasonable expenses, including attorney's fees incurred by any

     party as a result of the misconduct ***." (Emphasis added.) 

     134 Ill. 2d R. 219(c).

     The law firm argues that it made numerous efforts to contact

Quintero.  Moreover, it points out that, in the cases in which

sanctions have been imposed against a party's attorney, the

sanctions have been imposed for some actual misconduct by the

attorney and not for the misconduct of the party.  See Krasnow, 78

Ill. 2d 42 (attorney advised client not to give medical history to

defendant's doctor); Martzaklis v. 5559 Belmont Corp., 157 Ill.

App. 3d 731 (1987) (attorney instructed investigator to

misrepresent himself to secure discovery from a witness after the

discovery closure date); In re Marriage of Brack, 149 Ill. App. 3d

777 (1986) (attorney refused to produce requested document in his

possession).

     The imposition of sanctions for the noncompliance with

discovery rules and orders rests largely within the sound

discretion of the trial court and will not be disturbed on review

absent a clear abuse of discretion.  Workman v. St. Therese Medical

Center, 266 Ill. App. 3d 286, 293 (1994).  However, sanction orders

are to be imposed only when the noncompliance is unreasonable and

the order entered is just.  Workman, 266 Ill. App. 3d at 293.  In

determining whether the noncompliance with discovery rules or

orders is unreasonable, the standard is whether the noncomplying

party's conduct shows a deliberate, contumacious, or unwarranted

disregard of the court's authority.  Workman, 266 Ill. App. 3d at

293.  While the trial court may impose necessary sanctions to

accomplish discovery, it may not impose sanctions which are

intended primarily as punishment.  266 Ill. App. 3d at 293.

     Once the trial court has imposed a sanction for noncompliance

with a discovery rule, the sanctioned party bears the burden of

establishing that the noncompliance was reasonable or justified by

extenuating circumstances or events.  H&H Sand & Gravel Haulers Co.

v. Coyne Cylinder Co., 260 Ill. App. 3d 235, 241-42 (1994).  In

this case, the law firm presented an affidavit illustrating its

many and varied attempts to contact Quintero between July 27, 1994,

through June 26, 1995.  These included the use of a private

investigation company which eventually advised the law firm to

suspend its efforts to contact Quintero.  In addition, the record

reflects that the law firm was even reduced to causing the issuance

of a subpoena for deposition to Quintero in order to compel his

appearance at his deposition scheduled for October 31, 1995. 

Finally, we note that the difficulties with contacting Quintero

were experienced early on in this case since service of summons

upon Quintero in this case had to be effected through the Secretary

of State's office, after an attempt at personal service had failed

since Quintero was believed to have moved out of State.

     Based upon the efforts outlined above and more fully set forth

in the law firm's affidavit, which is a part of the record before

us, we are of opinion that the trial court abused its discretion in

sanctioning the law firm in addition to Quintero.  Other than the

trial court's concern that these efforts had not been communicated

to counsel for Hanson, there is no evidence based on which the

trial court could have found that the law firm deliberately impeded

the compliance with Hanson's discovery request or wilfully

disregarded the trial court's orders regarding discovery.  Under

the circumstances in this case, the order for sanctions entered

against the law firm is unreasonable and unjust.  

     We therefore vacate, as to the law firm only, those orders of

the trial court requiring the law firm to pay $525 in attorney fees

as a sanction for noncompliance with discovery.  The remaining

portions of the orders appealed from are affirmed.

     Affirmed in part and vacated in part.

     GEIGER and BOWMAN, JJ., concur.