NOTICE

Decision filed 07/30/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230426-U

NO. 5-23-0426

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| LANCE F. FEEZEL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 18-L-696 |
| | ) | |
| KURT PRENZLER, Individually and in His Capacity as Madison County Chairman, and MADISON COUNTY, | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Christopher P. Threlkeld, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Vaughan and Justice Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: This case is dismissed due to the lack of a final and appealable order.

¶ 2    Lance F. Feezel (Feezel) was terminated from employment with Madison County after an investigation into his alleged misconduct in violation of Madison County's Personnel Policy Handbook. Feezel filed a seven-count complaint against the Madison County Chairman, Kurt Prenzler (Prenzler), and against Madison County. The defendants filed a motion for summary judgment on three counts of Feezel's complaint. On May 26, 2023, the trial court entered a written order denying the defendants' motion as to count I but granting the motion as to counts II and III. Feezel appeals.

1

¶ 3                    I. BACKGROUND

¶ 4      Feezel worked as an engineer for the Madison County Highway Department beginning on February 8, 1988. He is a licensed, professional civil engineer and remained employed by the Highway Department until his discharge on June 16, 2017.

¶ 5      Feezel filed his seven-count complaint against the defendants for retaliatory discharge on March 25, 2018, alleging that he was terminated for reporting that Madison County Highway Department employees were not adhering to the new standards and were wasting Madison County's resources and risking public safety. The defendants filed a motion for summary judgment in three counts.

¶ 6      Count I alleged that Feezel failed to meet the requirements of the Illinois Whistleblower Act (740 ILCS 174/15(b) (West 2020)). The trial court denied the defendants' motion for summary judgment as to count I, which is not involved in this appeal.

¶ 7      In count II, the defendants alleged that Feezel could not sustain a claim for retaliatory discharge. In opposition, Feezel contended that his supervisor, Gvillo, asked him to hold department employees accountable for the work they were supposed to perform each day. Feezel also submitted a diary he kept from January 5, 2015, to March 9, 2015, about one of his co-employees, including notes that he had spoken to Gvillo about this co-employee on four occasions. Feezel also pointed to Gvillo's deposition testimony indicating that he was pleased with Feezel's efforts. Feezel argued that his diary entries and Gvillo's deposition testimony established that he was engaged in whistleblowing activities.

¶ 8      The trial court noted that the investigation into the bullying allegations against Feezel did not occur until March 2017, and stated: "It is entirely unclear and unexplained how the satisfaction of Mr. Gvillo regarding Plaintiff's efforts at holding employees more accountable resulted in

2

retaliation over two years later." The court also indicated that there was no record that Feezel provided his notes to anyone before Prenzler notified him that he was being investigated for workplace bullying and violent behaviors. Essentially, the investigation into Feezel's behavior began before Prenzler and Madison County became aware of his notes. In granting summary judgment on count II for the defendants, the court found that there was no nexus between Feezel's notes about the one employee's alleged noncompliance with work standards and the Madison County Board's investigation and ultimate decision to terminate Feezel's employment.

¶ 9 In count III, the defendants alleged that Feezel could not establish that he was wrongfully terminated. Feezel's allegations of wrongful termination were in the following five categories:

(1) That the personnel issue should have been presented to the Transportation Committee, and if incapable of resolution, then to the Personnel Committee;

(2) That Prenzler "acted on his own and did not have authority" to do so;

(3) That workplace bullying allegations must be investigated promptly, confidentially, and impartially;

(4) That Prenzler took over three months before he terminated Feezel's employment; and

(5) That Feezel was not provided with a required exit interview.

¶ 10 More specifically, the defendants argued that Feezel was an at-will employee because he worked pursuant to a written contract and was not entitled to the rights he claimed in his complaint. In ruling against Feezel, the trial court noted that he relied upon the Madison County Personnel Policy Handbook which expressly provided: "This Personnel Policy Handbook does not confer any contractual rights, whether express or implied, especially regarding continued employment by the County. Nor does it guarantee any fixed terms and conditions of employment. Your

3

employment is not for any specific time." Following case law cited by the defendants, the court found that the Madison County Personnel Policy Handbook disclaimer was "an absolute bar to the creation of contractual rights," and Feezel was an at-will employee subject to termination at any time and for any reason. Finding no "termination for cause" requirement for termination of Illinois "civil servants," the trial court granted summary judgment for the defendants on count III. Feezel appeals from the trial court's judgment which granted counts II and III of the defendants' motion for summary judgment.

¶ 11                                    II. ANALYSIS

¶ 12     Before we can address the merits of plaintiff's appeal, this court must first consider whether jurisdiction is proper.

¶ 13     Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) allows for an appeal of a judgment that does not dispose of the entire proceeding. Such appeal requires the trial court to make "an express written finding that there is no just reason for delaying either enforcement or appeal of both." *Id.* Here, while the trial court issued such a finding, not every Rule 304(a) finding is appropriate and may be insufficient to bestow jurisdiction with the appellate court. *In re Estate of Rosinski*, 2012 IL App (3d) 110942, ¶ 22 ("a trial court cannot make a nonfinal order appealable simply by including language that complies with Rule 304(a)").

¶ 14     Although not raised by either party, this court must consider its jurisdiction even if no objection is raised. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009) (requiring reviewing courts to consider its jurisdiction *sua sponte* regardless of whether the issue of jurisdiction is raised by the parties). "A reviewing court must be certain of its jurisdiction prior to proceeding in a cause of action." *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998). Typically, our review of the trial court's use of Rule 304(a) language is reviewed

4

under an abuse of discretion standard. *Lozman v. Putnam*, 328 Ill. App. 3d 761, 771 (2002). However, whether a court has jurisdiction presents an issue of law and is reviewed *de novo* (*In re Marriage of Crecos*, 2021 IL 126192, ¶ 11 (citing *In re A.H.*, 207 Ill. 2d 590, 593 (2003))).

¶ 15    "Jurisdiction of appellate court is limited to reviewing appeals from final judgments, subject to statutory or supreme court rule exceptions." *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). Here it is undisputed that the trial court's order was not a final judgment as to the entirety of the litigation. Final judgments that do not dispose of an entire proceeding may be appealed under Illinois Supreme Court Rule 304(a) and require special language, which if accurately provided, will bestow jurisdiction to this court. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). The purpose of Rule 304(a) is to discourage piecemeal appeals while permitting early appeals when a delay might inflict needless hardship on a litigant. *Davis v. Loftus*, 334 Ill. App. 3d 761, 766 (2002). Notably, a trial court's issuance of an order with the required Rule 304(a) finding does not make a nonfinal order appealable. *In re Marriage of Young*, 244 Ill. App. 3d 313, 315-16 (1993). Accordingly, we must first determine whether the order was final and appealable. If the order only disposed of "certain issues relating to the same basic claim, the order is not subject to review under Rule 304(a)." *American Advisors Group v. Williams*, 2022 IL App (1st) 210734, ¶ 11. The Illinois Supreme Court has defined a claim as "any right, liability or matter raised in an action." *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990).

¶ 16    In *American Advisors Group*, the question was whether the dismissed claims could "be decided independently of each other, that is, they [were] not so inherently inseparable from, or closely related to, the remining claims." (Internal quotation marks omitted.) *Id.* ¶ 14. The court noted that, "significant factual overlap between the decided and the retained claims means that they are not separate, and an appeal must be deferred until the latter are resolved." *Id.* Ultimately,

the court in *American Advisors Group* dismissed the appeal because "if this court addresses the merits of this appeal, it will speak on those facts regardless of how it rules, and that statement will compromise the circuit court's role as primary fact finder on the still pending counts." *Id.* ¶ 15. As addressed more specifically below, counts I and II share similar factual bases, despite the claims being alleged in two separate counts.

¶ 17 Typically, "the decision to grant or deny Rule 304(a) relief is best left to the sound discretion of the trial court who must determine whether, in its view, allowing an immediate appeal would have the effect of expediting the resolution of the controversy, be fair to the parties and conserve judicial resources." *Schal Bovis, Inc. v. Casualty Insurance Co.*, 314 Ill. App. 3d 562, 570 (1999). "When determining whether there is any just reason for delaying appeal, a circuit court may consider

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the [trial] court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made [appealable]; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." (Internal quotation marks omitted.) *American Advisors Group*, 2022 IL App (1st) 210734, ¶ 14.

¶ 18 Here, the trial court provided no rationale for providing the Rule 304(a) finding. The only basis in the record for the trial court's finding is the motion to clarify filed after the court issued its judgment. More specifically, on June 16, 2023, plaintiff filed a motion to clarify stating, "The

6

Court's order did not state whether the order '*is final and appealable and there was no just reason to delay an appeal pursuant to Ill. Supreme Court Rule 304.*' " (Emphasis in original.) On June 16, 2023, the trial court issued an order providing Rule 304(a) language. No discussion of the necessity of a Rule 304(a) finding is found in the March 9, 2023, transcript of the hearing held for the parties to provide argument on defendants' motion for summary judgment. Accordingly, we have no record of the trial court's consideration of the factors set forth in *American Advisors Group*.

¶ 19    As noted above, the trial court denied defendants' motion for summary judgment as to count I, but granted their motion as to counts II and III. What is not noted above is that the underlying complaint started with seven counts and the trial court granted summary judgment to defendants on counts IV-VII[1] on May 7, 2021. That order failed to include any Rule 304(a) finding. As such, review of the trial court's rulings on counts IV-VII remains pending until the trial court issues a final decision as to count I. This renders the likelihood of a second appeal high.

¶ 20    Additionally, the underdetermined status of count I renders the trial court's inclusion of Rule 304(a) language questionable due to the intertwined nature of counts I and II. Count I of the plaintiff's complaint is a claim for retaliatory discharge under the Whistleblower Act. Count II is retaliatory discharge in violation of public policy, which plaintiff argued was based on whistleblowing. Both counts involve the same parties, claims for retaliatory discharge due to whistleblowing, and request the same relief. Therefore, due to the closely related nature of counts I and II, if this court were to issue a decision on the trial court's ruling on count II, our decision would essentially compromise the circuit court's role as primary fact finder on pending count I.

---

[1]Counts IV through VII alleged the following: count IV—wrongful termination based on breach of contract; count V—violation of the Personnel Record Review Act; count VI—invasion of privacy against defendant Madison County; and count VII—invasion of privacy against defendant Prenzler.

7

¶ 21 Equally concerning is the trial court's ruling on count IV, which alleged wrongful termination based on breach of contract. At first glance, it would appear that count IV was substantially similar to count III which alleged wrongful termination in violation of Madison County policy, thereby rendering any decision on count III premature since count IV was not appealed. However, upon closer review, count IV alleged that defendant offered to reinstate plaintiff to his prior position as the construction engineer, plaintiff accepted the offer, and therefore, defendants were bound by this new employment contract. While the trial court granted summary judgment to defendant on count IV, that decision remains pending and is not part of the counts included with the Rule 304(a) language. However, the trial court's decision related to count IV affects the other six counts which are based on plaintiff's termination from Madison County. Further, all the counts were based on the facts provided in the 61 paragraphs prefacing the seven counts found in the complaint.

¶ 22 Consideration of the *American Advisors Group* factors with the current claims leans far from the issuance of any Rule 304(a) finding. As noted above, both count I and II involve the same parties, involve claims for retaliatory discharge based on plaintiff's alleged claim that he was fired for whistleblowing, and request the same relief. Second, count IV for which summary judgment was granted for the defendant on May 7, 2021, affects all of the remaining six counts, but the trial court's decision on that count remains pending and cannot be appealed until the trial court issues a decision in count I. As such, regardless of any ruling on counts II and III, a second appeal addressing the trial court's eventual decision regarding count I, as well as the court's 2021 rulings as to counts IV-VII, is likely. Allowing this appeal is a waste of this court's judicial resources (see *Davis*, 334 Ill. App. 3d at 767), and ignores the intertwined nature of the all the counts alleged in plaintiff's complaint.

¶ 23 Therefore, we find the trial court's inclusion of Rule 304(a) language, upon request by plaintiff in a "motion to clarify," was an abuse of discretion because that order does not finally, or fully, close out all issues related to other pending and previously adjudicated claims. Because count I remains pending, and the factual basis of counts I and II are so intertwined, any decision by this court as to count II would usurp the trial court's duty to engage in fact finding and resolve the pending litigation related to count I. Further, the ultimate outcome of count IV (which was not appealed) affects the remaining six counts. Finally, a future second appeal addressing counts I, IV, V, VI, and VI is likely.

¶ 24 For these reasons, this appeal is dismissed.

¶ 25 Appeal dismissed.