In re MARRIAGE OF JAMES A. BRACK, Plaintiff, and CHARLENE BRACK, n/k/a Charlene Rice, Defendant-Appellee (Stephen L. Baum, Respondent-Appellant).

Third District   No. 3—85—0778

Opinion filed October 24, 1986.

Stephen L. Baum, of Chicago, for appellant, *pro se.*

John C. Prehn, Jr., of Razok, Linenweber & Prehn, of Joliet, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

This appeal arises from an order imposing sanctions upon the appellant, Stephen L. Baum, for his failure to comply with a notice to produce pursuant to Supreme Court Rule 237(b) (87 Ill. 2d R. 237(b)). The trial court assessed attorney fees in the amount of $375 against attorney Baum. The appellant contends that the order was an abuse of discretion. We affirm.

The matter before the trial court was a petition for rule to show cause, in which appellant Baum was representing the plaintiff, James A. Brack. The substance of the petition was that James Brack was 10 weeks in arrears on his child-support payments. The notice to produce had to do with evidence pertaining to his financial ability to pay the amount in arrears.

On the date of the hearing on the petition, the appellant entered his appearance and announced his readiness to proceed with the hearing. He acknowledges that he failed to comply with the production request, but maintains that his client's financial ability was not in issue. No motion objecting to the notice to produce was ever filed.

Moreover, the appellant filed no response to the motion for sanctions and failed to appear at the hearing on the motion.

■■ The trial court has broad discretion in the conduct of pretrial discovery procedures, and such discretion includes the imposition of reasonable sanctions as against dilatory parties. *Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 323 N.E.2d 435. A court of review will not interfere with the exercise of the trial court's discretion unless the discretion has been clearly abused. *Booth v. Sutton* (1968), 100 Ill. App. 2d 410, 241 N.E.2d 488.

■■ We do not find that the trial court exercised its discretion inappropriately in the present case. Supreme Court Rule 219(c) (103 Ill. 2d R. 219(c)) authorizes an order requiring the offending party *or his attorney* to pay the reasonable expenses, including attorney fees, incurred by any party as a result of the unreasonable refusal to comply with discovery. A review of the transcript of proceedings reveals that the appellant admitted having the requested items in his possession,

yet he refused to produce them. Therefore, the appellant's actions left the trial judge with no alternative but to impose sanctions. Further, we find the amount of attorney fees assessed to be reasonable, based upon the representations of the attorney for the defendant wife in the uncontested motion for sanctions.

For the foregoing reasons, we affirm the order of the circuit court of Will County.

Affirmed.

SCOTT, P.J., and HEIPLE, J., concur.