NANCY BLOTT, Plaintiff, v. JOHN HANSON, Defendant-Appellee (Jesus Quintero, Defendant; Parrillo, Weiss and O'Halloran, Appellant).

Second District    No. 2—95—1533

Opinion filed September 5, 1996.—Rehearing denied October 9, 1996.

Keely Truax, of Parrillo, Weiss & O'Halloran, of Chicago, for appellant.

Vincent Robertelli, of Giagnorio & Robertelli, Ltd., of Bloomingdale, and Robert G. Black, of Naperville, for appellee John Hanson.

JUSTICE RATHJE delivered the opinion of the court:

The law firm of Parrillo, Weiss and O'Halloran (law firm) appeals from an order of the circuit court of Du Page County requiring the law firm and its client, Jesus Quintero, to pay $525 in attorney fees to the attorneys for Quintero's codefendant, John Hanson (Hanson), for failure to comply with discovery. The sole issue on appeal is whether the trial court abused its discretion in assessing the attorney fees against the law firm. No issue is raised as to whether Quintero should have been required to pay attorney fees.

On March 29, 1994, plaintiff, Nancy Blott, filed a complaint against Quintero and Hanson seeking damages for injuries she received while a passenger in an automobile driven by Hanson, which allegedly was struck by an automobile driven by Quintero. On November 30, 1994, the trial court entered an order vacating all defaults and granting leave to both Quintero and Hanson to file their pleadings and written discovery within 21 days. Written discovery was to be completed by January 18, 1995, and depositions were to be completed by March 29, 1995. The matter was continued for status until April 12, 1995.

On November 30, 1994, in addition to his answer, Hanson filed a counterclaim for contribution against Quintero. Also on November 30, 1994, Hanson filed a motion to produce, interrogatories to be answered by Quintero, and a notice of deposition for Quintero for February 13, 1995. According to the certificate of service, these had previously been sent to Quintero's attorneys on November 4, 1994. On December 21, 1994, Quintero filed his answers to the complaint and Hanson's counterclaim for contribution and a counterclaim for contribution from Hanson. Quintero's counterclaim was later stricken, and an amended counterclaim for contribution was filed.

At the April 12, 1995, status hearing, counsel for Hanson filed a motion for sanctions pursuant to Supreme Court Rule 219 (134 Ill. 2d R. 219) and advised the trial court that Quintero had not yet answered written discovery. The trial court entered an order requiring Quintero to answer written discovery by May 3, 1995.

On June 6, 1995, counsel for Hanson and counsel for Quintero appeared. Counsel for Hanson sought an order pursuant to Rule 219 striking Quintero's pleadings for failure to comply with written discovery. The following colloquy ensued:

"MR. PARRILLO [Quintero's counsel]: I would ask for one more opportunity to comply.

THE COURT: Why haven't you yet complied?

MR. PARRILLO: There is a language difficulty problem here with our client.

THE COURT: Did you contact him?

MR. PARRILLO: Yes.

THE COURT: In six months haven't you had an interpreter come in or a family member or a friend who could speak bilingual who could get you the information?

MR. PARRILLO: Well, we have a Spanish-speaking secretary to secure answers and documents. We have not been able to get them."

Counsel for Hanson advised the trial court that while he had no objection to continuing the case this would be the third time the case was continued for compliance with discovery. After being informed that both defendants had filed counterclaims against each other, the colloquy continued as follows:

"THE COURT: What I am going to do today is award attorney's fees for coming in here today and for one on the past Court appearance on April 12th.

I will give you until June 27th to answer the interrogatories, and I am going to enter and continue the motion for sanctions, further sanctions, under 219 to July 12th.

MR. PARRILLO: Are you entering sanctions against the defendant?

THE COURT: Against the defendant and your firm.

MR. PARRILLO: Why my firm?

THE COURT: Why sir? Because I have the power to do so. You haven't complied with discovery. You haven't provided me with a satisfactory reason for not getting the answers to interrogatories on file."

On July 12, 1995, counsel for Hanson and counsel for Quintero again appeared. Counsel for Quintero presented an affidavit in which she outlined the various efforts that the law firm made to contact Quintero. These included letters in both Spanish and English, numerous telephone calls, as well as personal visits by Metro Services, Inc., to the place where Quintero was believed to reside. The following colloquy then ensued:

"THE COURT: Miss Schmal, is there anything you wish to state about the affidavit for fees?

MS. SCHMAL [Quintero's counsel]: I do not think any of it should be directed towards our firm. ***

As you can see from the affidavit, we have done everything we can to secure his cooperation. I would prefer that there not be fees assessed against my client as well, but that is up for the Court to decide. I realize there have been orders against my client, and he has not answered interrogatories.

THE COURT: Were these efforts ever communicated to you before?

MR. ROBERTELLI [Hanson's counsel]: No.

THE COURT: They certainly were never—

MR. ROBERTELLI: I take that back. Last time we were here, I think Mr. Parrillo made mention that there had been efforts made.

THE COURT: He didn't outline them, ma'am. He never explained to me prior to the orders being entered that you weren't able to contact your client."

The trial court found the $525 in attorney fees set forth in counsel for Hanson's affidavit to be reasonable and awarded them against Quintero and the law firm. The trial court also refused the law firm's request for a Rule 304(a) (155 Ill. 2d R. 304(a)) finding.

On August 14, 1995, Hanson filed another motion pursuant to Rule 219 seeking sanctions for Quintero's refusal to answer written discovery or appear for his deposition. Hanson also filed a petition for a rule to show cause for the failure of either Quintero or his attorneys to pay the court-ordered attorney fees.

On November 7, 1995, counsel for all parties appeared. The trial court rejected counsel for Quintero's argument that it should have considered the documents in support of the affidavit she presented on July 12, explaining the law firm's efforts to contact Quintero, on the

basis that it had made its ruling on June 6. The trial court also rejected counsel for Quintero's argument that the fees were not payable until such time as the law firm had had an opportunity to appeal the award. After questioning counsel for Quintero, the trial court granted the motion for sanctions, ordering Quintero's counterclaim against Hanson dismissed and entering a default against Quintero on Hanson's counterclaim. The trial court also entered summary judgment in favor of Hanson and against the plaintiff. Finally, the trial court found that there was no just reason to delay enforcement or appeal of the order pursuant to Rule 304(a).

During the pendency of this appeal, Hanson filed a motion to dismiss the appeal on the basis that the orders appealed from were not final orders.

■ Rule 304(a) provides in pertinent part that "[i]f multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." 155 Ill. 2d R. 304(a). An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof. *Viirre v. Zayre Stores, Inc.*, 212 Ill. App. 3d 505, 512 (1991). A Rule 304(a) finding does not make a nonfinal order appealable; rather, the Rule 304(a) finding makes a final order appealable where there are multiple parties or claims in the same action. *Viirre*, 212 Ill. App. 3d at 511-12.

In its amended notice of appeal, the law firm stated it was appealing from the trial court orders entered on June 6, July 12, and November 7, 1995. As to the June 6 and July 12 orders, Hanson correctly states that orders pertaining to discovery generally are not appealable until the conclusion of the underlying action. *Krasnow v. Bender*, 78 Ill. 2d 42, 47 (1979). However, the court went on to state that the above principle had no application in a situation in which the underlying action is settled as the only opportunity for review of the correctness of the order was by an appeal of that order. *Krasnow*, 78 Ill. 2d at 47.

Hanson's reliance on *In re Marriage of Young*, 244 Ill. App. 3d 313 (1993), is misplaced. In that case, during the pendency of an action for dissolution of marriage, the trial court imposed an award of attorney fees against the husband for failing to comply with discovery. While the trial court also struck the husband's pleadings and entered a default against him, the order also permitted the husband to reinstate his pleadings subject to certain conditions. In its

order imposing the sanction, the trial court made a finding pursuant to Rule 304(a). The husband appealed the attorney fees sanction imposed against him. The appellate court dismissed the appeal on the basis that it was a nonfinal order and not an order imposing sanctions following a contempt proceeding, which would have been considered final and appealable. *Young*, 244 Ill. App. 3d at 316.

■ In the present case, the order of November 7, 1995, disposed of the entire controversy between Hanson and Quintero and between Hanson and the plaintiff, leaving only the action between the plaintiff and Quintero. As the order of November 7, 1995, contained the requisite language under Rule 304(a), that order was properly appealed from. Since the orders of June 6 and July 12 pertain to the controversy between Hanson and Quintero, they are final and appealable as well. Otherwise, there would be no opportunity for appellate review of those orders. Therefore, we deny the motion to dismiss the appeal.

The sole issue raised on appeal is whether the trial court erred in entering sanctions against the law firm.

■ Supreme Court Rule 219(c) provides a nonexclusive list of sanctions that a trial court may impose in the event of the noncompliance with its discovery orders. The rule provides further, in pertinent part, as follows:

"In lieu of or in addition to the foregoing, the court may order that the offending party or *his attorney* pay the reasonable expenses, including attorney's fees incurred by any party as a result of the misconduct ***." (Emphasis added.) 134 Ill. 2d R. 219(c).

The law firm argues that it made numerous efforts to contact Quintero. Moreover, it points out that, in the cases in which sanctions have been imposed against a party's attorney, the sanctions have been imposed for some actual misconduct by the attorney and not for the misconduct of the party. See *Krasnow*, 78 Ill. 2d 42 (attorney advised client not to give medical history to defendant's doctor); *Martzaklis v. 5559 Belmont Corp.*, 157 Ill. App. 3d 731 (1987) (attorney instructed investigator to misrepresent himself to secure discovery from a witness after the discovery closure date); *In re Marriage of Brack*, 149 Ill. App. 3d 777 (1986) (attorney refused to produce requested document in his possession).

The imposition of sanctions for the noncompliance with discovery rules and orders rests largely within the sound discretion of the trial court and will not be disturbed on review absent a clear abuse of discretion. *Workman v. St. Therese Medical Center*, 266 Ill. App. 3d 286, 293 (1994). However, sanction orders are to be imposed only when the noncompliance is unreasonable and the order entered is

just. *Workman*, 266 Ill. App. 3d at 293. In determining whether the noncompliance with discovery rules or orders is unreasonable, the standard is whether the noncomplying party's conduct shows a deliberate, contumacious, or unwarranted disregard of the court's authority. *Workman*, 266 Ill. App. 3d at 293. While the trial court may impose necessary sanctions to accomplish discovery, it may not impose sanctions that are intended primarily as punishment. 266 Ill. App. 3d at 293.

■ Once the trial court has imposed a sanction for noncompliance with a discovery rule, the sanctioned party bears the burden of establishing that the noncompliance was reasonable or justified by extenuating circumstances or events. *H&H Sand & Gravel Haulers Co. v. Coyne Cylinder Co.*, 260 Ill. App. 3d 235, 241-42 (1994). In this case, the law firm presented an affidavit illustrating its many and varied attempts to contact Quintero between July 27, 1994, through June 26, 1995. These included the use of a private investigation company which eventually advised the law firm to suspend its efforts to contact Quintero. In addition, the record reflects that the law firm was even reduced to causing the issuance of a subpoena for deposition to Quintero in order to compel his appearance at his deposition scheduled for October 31, 1995. Finally, we note that the difficulties with contacting Quintero were experienced early on in this case since service of summons upon Quintero in this case had to be effected through the Secretary of State's office, after an attempt at personal service had failed since Quintero was believed to have moved out of state.

Based upon the efforts outlined above and more fully set forth in the law firm's affidavit, which is a part of the record before us, we are of the opinion that the trial court abused its discretion in sanctioning the law firm in addition to Quintero. Other than the trial court's concern that these efforts had not been communicated to counsel for Hanson, there is no evidence based on which the trial court could have found that the law firm deliberately impeded the compliance with Hanson's discovery request or wilfully disregarded the trial court's orders regarding discovery. Under the circumstances in this case, the order for sanctions entered against the law firm is unreasonable and unjust.

We therefore vacate, as to the law firm only, those orders of the trial court requiring the law firm to pay $525 in attorney fees as a

sanction for noncompliance with discovery. The remaining portions of the orders appealed from are affirmed.

Affirmed in part and vacated in part.

GEIGER and BOWMAN, JJ., concur.