FIFTH DIVISION
 March 14, 1997

No. 1-95-1353

THOMAS A. RUANE and )
KATHLEEN P. RUANE, formerly ) Appeal from the 
KATHLEEN P. DALEY, ) Circuit Court of 
 ) Cook County,
 ) Second District. 
 ) 
 Plaintiffs-Appellants, )
 )
 v. ) 
 )
DENISE AMORE, ANNETTE S. SMITH, )
SUSAN E. PRICE, BAIRD & WARNER, ) Honorable
INC., RICHARD G. LARSEN and ) Jerome Orbach,
CURTIS EDLUND, doing business ) Judge Presiding
as LARSEN & EDLUND, ATTORNEYS )
AT LAW, )
 )
 Defendants-Appellees. )

 JUSTICE SOUTH delivered the opinion of the court:
 Plaintiffs, Thomas A. Ruane and Kathleen P. Ruane, filed a
four-count second amended complaint against defendants, Denise
Amore, Annette S. Smith, Susan E. Price (sellers), Baird &
Warner, Inc. (Baird & Warner), Richard G. Larsen and Curtis
Edlund (Larsen & Edlund), alleging fraudulent misrepresentation. 
Plaintiffs appeal the denial of their motions to reopen discovery
and to disclose an expert witness, and the granting of
defendants' motions for summary judgment.
 On March 28, 1990, David A. Mohar (Mohar), entered into a
real estate sales contract for the purchase of the residence from
the sellers. The listing broker for this transaction was Baird &
Warner. Attorneys, Larsen and Edlund represented the sellers in
the Mohar transaction.
 In a letter dated June 12, 1990, to Larsen & Edlund from
Mohar's attorney, Mohar claimed that a latent defect existed in
the southwestern rear portion of the foundation at the residence
and declined to complete the purchase. Larsen & Edlund filed a
complaint against Mohar and Baird & Warner on behalf of the
sellers for forfeiture of $14,200 earnest money deposited by
Mohar with Baird & Warner. 
 The sellers ordered an inspection of the south basement wall
and obtained a report dated July 16, 1990, from consulting
structural engineers, Rittweger & Tokay, Inc. The report
concluded that "the south wall of the building is structurally
sound." Thereafter, the residence was placed back on the market
for sale.
 On or about October 1, 1990, plaintiffs examined the
residence as prospective purchasers and noticed that there were
two different colors of brick on the outside of the residence. 
In response to their questions regarding the brick, plaintiffs
were given a copy of the Rittweger & Tokay, Inc. report by Baird
& Warner. After receiving the report and having their questions
regarding the brick answered to their satisfaction, plaintiffs
took no further action to investigate the condition of the south 
basement wall. Plaintiffs were not informed of the Mohar letter
of June 12, 1990, or the pending Mohar litigation. 
 On November 7, 1990, Mohar filed his answer to the complaint
filed by the sellers for forfeiture of the $14,200 earnest money. 
Mohar's answer included two affirmative defenses. The first
affirmative defense alleged a mutual mistake of fact regarding
the existence of an alleged latent defect in the southwestern
rear portion of the residence. The second affirmative defense
alleged fraud and misrepresentation with respect to statements
made by the sellers, i.e., that the foundation cracking in the
southwestern rear portion of the residence had been completely
remedied and appropriately repaired. 
 On November 13, 1990, the closing took place transferring
the title to and possession of the residence from sellers to
plaintiffs. At the closing, the sellers submitted an affidavit
of title to plaintiffs that was notarized by Larsen & Edlund.
 On November 19, 1991, the circuit court entered an order in
the Mohar action. The circuit court denied Mohar's second
affirmative defense alleging fraud and misrepresentation. The
circuit court granted Mohar's first affirmative defense alleging
a mutual mistake of fact and entered judgment in favor of Mohar
and against the sellers. 
 Plaintiffs learned of the Mohar litigation when Thomas Ruane
was called as a witness in that lawsuit. Thereafter, plaintiffs
instituted this action. 
 Through the course of discovery, plaintiffs were served with
interrogatories requesting disclosure of expert witnesses
pursuant to Supreme Court Rule 220 (134 Ill. 2d. R. 220 (Repealed
eff. January 1, 1996)). Plaintiffs responded by stating that
they had not retained an expert to testify on their behalf.
 On September 22, 1994, the circuit court entered an order
providing that discovery would cut off on December 15, 1994, that
a pretrial was set for December 22, 1994, and that the case was
set for trial on January 25, 1995. 
 During the pretrial, after discovery closed, plaintiffs
motioned to reopen discovery and to disclose an expert witness. 
The circuit court denied plaintiffs' motions. Defendants filed
summary judgment motions to dismiss plaintiffs' second amended
complaint under section 2-1005(b) of the Code of Civil Procedure
(735 ILCS 5/2-1005 (West 1994)). Following a hearing on the
motions, the circuit court of Cook County granted defendants'
motions for summary judgment and dismissed plaintiffs' second
amended complaint. Plaintiffs appeal the denial of their motions
to reopen discovery and to disclose an expert witness, and the
granting of defendants' motions for summary judgment. 
 OPINION
 Plaintiffs have moved to supplement the record on appeal
with a copy of the motion for disclosure of an expert witness. 
It is requested that this court permit the copy of the written
disclosure to supplement the record in accordance with Supreme
Court Rule 329 (134 Ill. 2d R. 329). This motion includes an
exhibit of a proposal prepared by the plaintiffs' proffered
expert witness, E.L. Knight, Mason Contractor (Knight). 
 Rule 329 authorizes supplementation of the record only with
documents that were actually before the circuit court, and
exhibits that were never filed in the circuit court or considered
by the trial judge will not be considered on appeal. Palmros v.
Barcelona, 284 Ill. App. 3d 642, 672 N.E.2d 1245 (1996), citing
Prochnow v. El Paso Golf Club, Inc., 253 Ill. App. 3d 387, 625
N.E.2d 769 (1994). A copy of plaintiffs' motion to disclose an
expert witness is already in the record. In this respect, the
motion is moot. The attached exhibit of the proposal prepared by
plaintiffs' proffered expert witness, Knight, was not before the
circuit court. Since our review is limited to matters of record,
the motion to supplement the record with this exhibit is denied. 
 Plaintiffs contend that the circuit court's denial of their
December 22, 1994, motions to reopen discovery and to disclose an
expert witness resulted in a manifest injustice and, therefore,
was an abuse of discretion. Baird & Warner and Larsen & Edlund
contend that plaintiffs have waived this issue because contrary
to Supreme Court Rule 303 (134 Ill. 2d R. 303), plaintiffs did
not make reference to or include these orders in their notice of
appeal.
 Illinois Supreme Court Rule 303 provides that the notice of
appeal "shall specify the judgment or part thereof appealed
therefrom and the relief sought from the reviewing court." 134
Ill. 2d R. 303(b)(2). However, the notice of appeal is to be
liberally construed as a whole. Glassberg v. Warshawsky, 266
Ill. App. 3d 585, 638 N.E.2d 749 (1994). The purpose of a notice
of appeal is to inform the party prevailing in the trial court
that the opposing party seeks review of the judgment; to this
end, where the notice sufficiently sets forth the judgment
complained of and the relief sought, mere formal defects will not
deprive this court of jurisdiction. Taylor v. Peoples Gas Light
& Coke Co., 275 Ill. App. 3d 655, 656 N.E.2d 134 (1995). An
appeal from a final judgment draws into issue all prior non-final
orders which produced the final judgment. Burtell v. First
Charter Service Corp., 76 Ill. 2d 427, 433, 394 N.E.2d 380, 382
(1979). Thus, an unspecified judgment is reviewable if it is a
"step in the procedural progression leading to the judgment
specified in the notice of appeal." Taylor, 275 Ill. App. 3d
655, 656 N.E.2d 134, citing Burtell, 76 Ill. 2d at 435, 394
N.E.2d at 383. 
 In the present case, plaintiffs specifically appealed from
the order of March 15, 1995, granting motions for summary
judgment as to all defendants. The December 22, 1994, orders
denying plaintiffs' motions to reopen discovery and to disclose
an expert witness was a step in the procedural progression
culminating in the granting of the motions for summary judgment. 
Accordingly, the notice of appeal fairly apprised defendants of
the March 15, 1995, order appealed and was sufficient to confer
jurisdiction over the December 22, 1994, orders. 
 In support of plaintiffs' contention that the denial of the
December 22, 1994, motions was an abuse of the circuit court's
discretion, plaintiffs argue that in answering interrogatories
propounded by defendants and during the deposition testimony of
Thomas Ruane, Knight was disclosed by plaintiffs; that the
prejudicial effect of the lack of expert testimony is great; that
plaintiffs did not act in bad faith and that since Knight had not
been retained as an expert witness, his disclosure was not
required to be divulged 60 days prior to the trial date.
 Rule 220(b)(1) provides: 
 "Where the testimony of experts is reasonably
 contemplated, the parties will act in good faith
 to seasonably: (i) Ascertain the identity of such
 witnesses, and (ii) obtain from them the opinions
 upon which they may be requested to testify. [A]s
 to all expert witnesses not previously disclosed,
 the trial court, on its own motion, or on the
 motion of any party after the first pretrial
 conference, shall enter an order scheduling the
 dates upon which all expert witnesses, including
 rebuttal, shall be disclosed. [F]ailure to make
 the disclosure required by this rule or to comply
 with the discovery contemplated herein will result
 in disqualification of the expert as a witness."
 134 Ill. 2d R. 220(b)(1) (Repealed eff. January 1,
 1996).
 Initially, we note that a trial court is afforded great
latitude in ruling on discovery matters. Maxwell v. Hobart
Corp., 216 Ill. App. 3d 108, 576 N.E.2d 268 (1991). The decision
as to whether to reopen discovery rests in the sound discretion
of the circuit court and this court will not disturb such rulings
on appeal absent a showing of abuse of discretion. Cometo v.
Foster McGaw Hospital, 167 Ill. App. 3d 1023, 522 N.E.2d 117
(1988). Furthermore, the imposition of sanctions for the
noncompliance of discovery rules and court orders rests largely
within the sound discretion of the circuit court and will not be
disturbed on review absent a clear abuse of that discretion. 
Blott v. Hanson, 283 Ill. App. 3d 656, 670 N.E.2d 345 (1996). 
However, sanction orders are to be imposed only when the
noncompliance is unreasonable and the order entered is just. 
Blott, 283 Ill. App. 3d 656, 670 N.E.2d 345. In determining
whether noncompliance is unreasonable, the standard is whether
the offending party's conduct was the result of a deliberate and
pronounced disregard for court rules. Polk v. Cao, 279 Ill. App.
3d 101, 664 N.E.2d 276 (1996). In determining the propriety of
discovery sanction, factors to be considered include: (1) the
surprise to the opposing party; (2) the prejudicial effect of the
testimony; (3) the diligence of the opposing party in seeking
discovery; (4) timely objection to the testimony; and (5) the
good faith of the party offering the testimony. Polk, 279 Ill.
App. 3d 101, 664 N.E.2d 276. While the circuit court may impose
necessary sanctions to accomplish discovery, it may not impose
sanctions that are intended primarily as punishment. Blott, 283
Ill. App. 3d 656, 670 N.E.2d 345. 
 Once the trial court has imposed a sanction for
noncompliance with a discovery rule, the sanctioned party bears
the burden of establishing that the noncompliance was reasonable
or justified by extenuating circumstances or events. H & H Sand
& Gravel Haulers Co. v. Coyne Cylinder Co., 260 Ill. App. 3d 235,
632 N.E.2d 697 (1994). Rule 220 allows a court to set its own
cutoff dates for the disclosure and discovery of an expert and to
bar an expert whose disclosure does not comply with the court-set
deadlines. Knight v. Haydary, 223 Ill. App. 3d 564, 585 N.E.2d
243 (1992). Here, the discovery cutoff date was set by court
order September 22, 1994. Through the course of discovery,
plaintiffs were served with interrogatories requesting disclosure
of expert witnesses pursuant to Rule 220. However, plaintiffs
did not disclose Knight as an expert witness and responded that
they had not retained an expert witness to testify on their
behalf. 
 In addition, the prejudicial effect of the lack of Knight's
testimony was slight considering the testimony of an expert was
not the determining factor in the circuit court's decision in
granting defendants' motions for summary judgment. The
determining factor was that plaintiffs received a copy of the
Rittweger & Tokay report disclosing the condition of the south
basement wall, prior to plaintiffs purchasing the residence.
 The question of whether a witness must be disclosed as an
expert under Rule 220 depends on the expert's relationship to the
case. Wakeford v. Rodehouse Restaurants of Missouri, Inc., 154
Ill. 2d 543, 610 N.E.2d 77 (1992). If the expert is intimately
involved in the underlying facts giving rise to the litigation
and he would reasonably be expected to form an opinion through
that involvement, then disclosure is not required. In such a
case, the opposing party is unlikely to be surprised by the
testimony. On the other hand, where the expert's contact with
the case is slight, or where the opinion rendered is unrelated to
the expert's involvement in the case, then disclosure is
required. Wakeford, 154 Ill. 2d 543, 610 N.E.2d 77.
 We find that because Knight's contact with the case was
slight, Knight was a "retained expert" under Rule 220 and his
disclosure was required. Rule 220, requiring disclosure of
expert witnesses, was designed to eliminate late or surprise
disclosures of expert witnesses by establishing a uniform, but
not inflexible, framework for timely revelation of identity of
expert witnesses and the subject matter of their testimony. 
Sohaey v. Van Cura, 240 Ill. App. 3d 266, 607 N.E.2d 253 (1992). 
Knight was one of several experts who examined the south basement
wall at the residence. Plaintiffs did not disclose whether
Knight, or one or more of the other experts who examined the
south basement wall, would testify. 
 Furthermore, notwithstanding whether plaintiffs had
identified Knight as an expert witness, plaintiffs failed to
offer what Knight's opinion was or what his testimony might be. 
A party may not resist a motion for summary judgment simply by
identifying potential trial witnesses and then failing to
determine what their opinions are or what their testimony might
be. Addison v. Whittenberg, 124 Ill. 2d 287, 529 N.E.2d 552
(1988).
 Moreover, our supreme court, in Tzystuck v. Chicago Transit
Authority, 124 Ill. 2d 226, 529 N.E.2d 525 (1988), stated that
Rule 220 obligates litigants to disclose the identity and
opinions of those witnesses who are engaged for the purpose of
giving an expert opinion at trial. Therefore, plaintiffs seeking
to call experts as witnesses are required to disclose them as
"experts," even if plaintiffs did not "retain" them. Neal v.
Nimmagadda, 279 Ill. App. 3d 834, 665 N.E.2d 424 (1996).
 Under these circumstances, plaintiffs have not established
that their noncompliance with Rule 220 was reasonable or
justified by extenuating circumstances. Accordingly, the circuit
court did not abuse its discretion in denying plaintiffs' motions
to reopen discovery and to disclose an expert witness. 
 Plaintiffs next contend that a genuine issue of material
fact exists, therefore, the circuit court erred in granting
defendants' motions for summary judgment. In support of this
contention, plaintiffs argue that the November 19, 1991, order
entered in the Mohar case is admissible to show the existence of
a latent defect; that Ruth Amore admitted the existence of a
defect in the southwest part of the basement during her
deposition testimony and that Thomas Ruane testified as to the
existence of a defect at the residence during his deposition
testimony.
 In Illinois, as a general rule, summary judgment is to be
encouraged as an aid to the expeditious disposition of a lawsuit. 
Bryant v. Glen Oaks Medical Center, 272 Ill. App. 3d 640, 650
N.E.2d 622 (1995). Appellate review of an order granting summary
judgment is de novo. Nelson v. Thomas, 282 Ill. App. 3d 818, 668
N.E.2d 1109 (1996). Summary judgment is appropriate where there
is no genuine issue of material fact and the movant is entitled
to judgment as a matter of law. LaSalle National Bank v.
Skidmore, Owings & Merrill, 262 Ill. App. 3d 899, 635 N.E.2d 564
(1994). To determine if there is a genuine issue of material
fact, the court examines the pleadings, together with any
depositions admissions, or affidavits on file. A reviewing court
views the evidence in a light most favorable to the nonmovant,
and if no facts are in dispute, the court may draw inferences to
determine if respondent is entitled to judgment as a matter of
law. If no fair-minded person could draw inferences from these
facts, then there is no triable issue and the motion for summary
judgment should be granted. Nelson, 282 Ill. App. 3d 818, 668
N.E.2d 1109; Estate of Dompke v. Dompke, 186 Ill. App. 3d 930,
933, 542 N.E.2d 1222, 1223 (1989). A reviewing court may sustain
the decision of the circuit court on any grounds called for by
the record, regardless of whether the circuit court made its
decision on a proper ground. Bryant, 272 Ill. App. 3d 640, 650
N.E.2d 622. Plaintiffs' second amended complaint states as
follows: In count I, plaintiffs allege that the sellers
committed fraud in failing to disclose a prior lawsuit and a
latent defect that existed at the residence purchased by
plaintiffs from the sellers. Plaintiffs allege that Baird &
Warner committed fraud in failing to disclose the prior lawsuit
and a latent defect that existed at the residence, and that in
failing to disclose the prior lawsuit and this latent defect,
they violated the Consumer Fraud and Deceptive Business Practices
Act (815 ILCS 505/1 et seq. (West 1994)). Plaintiffs also allege
that Larsen & Edlund committed fraud in failing to disclose the
prior lawsuit and the latent defect that existed at the
residence. 
 Plaintiffs contend that the existence of an alleged latent
defect can be shown by the November 19, 1991, order entered in
the Mohar litigation. Plaintiffs cite as authority 29A Am. Jur.
2d Judgments  1330 (1994), which provides:
 "A judgment is generally admissible in evidence in
 a subsequent action if it is relevant to an issue
 in it. [H]owever, a judgment is admissible only
 to prove the fact that a judgment was rendered,
 the time of its rendition, and the terms and
 effect of the judgment. The record of the case
 may not be introduced for the purpose of providing
 the facts on which the judgment was based." 
 (Emphasis added.) 29A Am. Jur. 2d Judgments 1330
 (1994).

 This authority negates rather than promotes plaintiffs'
proposition. The November 19, 1991, judgment entered in the
Mohar litigation is admissible only for the limited purpose of
showing that judgment was entered, the time it was entered and
its terms and legal effect. The judgment may not be introduced
for the purpose of providing facts on which the judgment was
based. 
 In addition, notwithstanding the deposition testimony of
Ruth Amore and Thomas Ruane as to the existence of a latent
defect, since neither qualify to formulate an expert opinion
regarding whether such condition exists, the circuit court did
not err in determining that plaintiffs failed to raise facts to
sustain defendants' motions for summary judgment. When the nature
of the defect and, its existence is beyond the jury's common
understanding and experience, expert testimony is necessary to
establish a defect. Baltus v. Weaver Division of Kidde & Co.,
199 Ill. App. 3d 821, 557 N.E.2d 580 (1990). 
 In the present case, plaintiffs allege that "the foundation
and structure of the residence was defective" and "the defective
part of the structure was unstable and in danger of collapse." 
In determining whether conditions exist as alleged by plaintiffs,
specialized knowledge or expertise in structural engineering,
outside a jury's common understanding and experience, is
required. Without expert testimony as to the condition of the
foundation and str