*In re* ALEXIS H., a Minor (The People of the State of Illinois, Petitioner-Appellant, v. Tracy H. *et al.*, Respondents-Appellees).—*In re* JUSTIN H., a Minor (The People of the State of Illinois, Petitioner-Appellant, v. Tracy H. *et al.*, Respondents-Appellees).

Second District Nos. 2—01—1251, 2—01—1252 cons.

Opinion filed December 30, 2002.

Joseph E. Birkett, State's Attorney, of Wheaton (Margaret M. Healy and Mary Constantino, Assistant State's Attorneys, and Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

James F. McCluskey and Alison J. Lezak, both of Momkus, Ozog & McCluskey, L.L.C., of Downers Grove, for appellee Tracy H.

William L. Guild III, of Winfield, for appellee Stacey S.

Jacquelyn M. Foster, of Law Office of Jacquelyn M. Foster, of Wheaton, *amicus curiae* for Alexis H. and guardian *ad litem* for Justin H.

JUSTICE BYRNE delivered the opinion of the court:

The minors, Alexis H. and Justin H., were adjudicated neglected and made wards of the court in March 1997. The State subsequently filed a petition seeking termination of the parental rights of both parents, Tracy H. and Stacey S., under section 2—13 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2—13 (West 2000)). During the unfitness stage of the bifurcated proceeding, the trial court found respondents to be unfit parents. However, during the best-interest stage, the trial court found that it was not in the best interest of the minors to terminate respondents' parental rights. The trial court thus denied the State's petition and set the matter for a permanency hearing, as provided by section 2—28 of the Act (705 ILCS 405/2—28 (West 2000)). The parents do not appeal from the finding of unfitness. Rather, in these consolidated appeals, the State appeals from the order denying its petition to terminate the parental rights of respondents.

■ Concerned with the finality of the order from which the State appeals, we ordered the parties to address this court's jurisdiction to review the trial court's order denying the State's petition to terminate respondents' parental rights. Although neither party initially noted the jurisdictional issue, a reviewing court has a duty to consider *sua sponte* its jurisdiction and to dismiss the appeal if it determines that jurisdiction is wanting. *Ferguson v. Riverside Medical Center*, 111 Ill. 2d 436, 440 (1985); *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984).

■ Section 2—13 of the Act governs petitions to terminate parental rights. There are no time limitations in the Act for refiling a petition to terminate parental rights after a petition has been dismissed. Section 2—13(6) provides that, at any time before the dismissal of the petition or before the final closing and discharge under section 2—31, one or more motions in the best interests of the minor may be filed. 705 ILCS 405/2—13(6) (West 2000). Section 2—31(1) of the Act (705 ILCS 405/2—31(1) (West 2000)) sets forth the parameters for the duration of the wardship and the discharge of the proceedings. It provides that all proceedings under the Act with respect to any minor for whom a petition was filed automatically terminate upon the minor's attaining the age of 19 years or whenever the court determines and makes written factual findings that the health, safety, and best interests of the minor and the public no longer require the wardship of the court. 705 ILCS 405/2—31(1),(2) (West 2000).

At the time the State's petition to terminate the parental rights in this case was filed, the minors were 12 and 14 years of age. Rather than terminating their wardship, the trial court continued the cause for a permanency hearing, which is governed by section 2—28 of the

Act (705 ILCS 405/2—28 (West 2000)). The order setting the matter for a permanency hearing did not change the *status quo* of the parties and can be analogized to an order resulting from a permanency hearing.

■ Until the time the permanency goal is attained, the circuit court must conduct permanency hearings at a minimum of every six months to review and reevaluate dispositional orders. 705 ILCS 405/2—28(2) (West 2000). The court must enter a written permanency order. 705 ILCS 405/2—28(3) (West 2000). Such a modified disposition vacates the original disposition and supercedes it. *In re Brandon S.*, 331 Ill. App. 3d 757, 761 (2002). In the interim, a party may seek review of the permanency goal by filing a motion under section 2—28(4), which provides that "[t]he minor or any person interested in the minor may apply to the court for a change in custody of the minor and the appointment of a new custodian or guardian of the person or for the restoration of the minor to the custody of his parents or former guardian or custodian." 705 ILCS 504/2—28(4) (West 2000). By statute, "all of the rights and obligations set forth in the permanency order must remain open for reexamination and possible revision until the permanency goal is achieved." *In re Curtis B.*, 203 Ill. 2d 53, 60 (2002).

■ The jurisdictional statement set forth in the State's appellate brief provides that the appeal is brought pursuant to Supreme Court Rule 303 (155 Ill. 2d R. 303). The State confesses error in citing only Supreme Court Rule 303 and not Supreme Court Rule 301 (155 Ill. 2d R. 301) as the basis for this court's jurisdiction to review the order denying the petition, and it requests that we entertain the jurisdictional analysis under Rule 301 as well. An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties either on the entire controversy or on a separate part thereof. *Blott v. Hanson*, 283 Ill. App. 3d 656, 660 (1996). A "final judgment" is one that fixes absolutely the rights of the parties. *Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982). A judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 171 (1981).

■ Rule 301 governs appeals from cases in which a final order has disposed of the entire controversy, and Rule 303 sets forth the requirements that must be met for the preparation and filing of appeals from final judgments in civil cases. *In re Adoption of Ginnell*, 316 Ill. App. 3d 789, 791 (2000)

■ In *Brandon S.*, the court held that the denial of a section 2—28(4) motion to modify custody is not appealable under Rules 301

and 303. *Brandon S.*, 331 Ill. App. 3d at 760. Analogizing the order to an order resulting from a permanency hearing, the court found that, because the motion "jumped the gun on the next scheduled permanency hearing," the order was not final. *Brandon S.*, 331 Ill. App. 3d at 761. In *In re Alicia Z.*, 336 Ill. App. 3d 476, 491 (2002), we agreed with the analysis in *Brandon S.*, and held that we lacked jurisdiction under Rules 301 and 303 to review the denial of a motion pursuant to section 2—28(4) of the Act. See also *Curtis B.*, 203 Ill. 2d at 60 (permanency order entered after a section 2—28(3) permanency hearing is not final pursuant to Rule 304(a)). Similarly here, the appeal from the denial of the petition to terminate parental rights "jumps the gun" on the next permanency hearing. Accordingly, we lack jurisdiction under Rules 301 and 303 to review the denial of the State's petition.

■ The State alternatively asks for leave to appeal pursuant to Supreme Court Rule 306(a)(5) (166 Ill. 2d R. 306 (a)(5)) so that the termination order may be timely reviewed. Rule 306(a)(5) permits an appeal when the appellant petitions for and the appellate court grants leave to appeal from an interlocutory order affecting the care and custody of unemancipated minors. The filing of a petition in the appellate court is a prerequisite to invoking appellate jurisdiction. 166 Ill. 2d R. 306(b). The State did not file a petition for leave to appeal but requests that we nevertheless consider the appeal pursuant to Rule 306(a)(5).

■ In *Curtis B.*, the supreme court agreed with the State that the selection of a permanency goal is not a " ' "final determination on the merits with regard to termination of parental rights but, rather, an intermediate procedural step taken for the protection of and best interests of the child[ren]." ' " *Curtis B.*, 203 Ill. 2d at 58, quoting *In re D.S.*, 198 Ill. 2d 309, 329 (2001), quoting *In re K.H.*, 313 Ill. App. 3d 675, 682 (2000). Because the rights and obligations set forth in the permanency order are subject to reexamination and possible revision until the permanency goal is accomplished, the supreme court determined that a permanency order entered under section 2—28(3) is interlocutory. *Curtis B.*, 203 Ill. 2d at 58. The supreme court held, in part, that a remand for the consideration of an interlocutory appeal was appropriate because the respondent filed a notice of appeal from a section of the statute that allowed for appeals (section 2—28(3)) but that later was found unconstitutional. *Curtis B.*, 203 Ill. 2d at 60. The noncompliance with the filing of a petition was excused because the appellant had no reason to believe the petition was necessary. Nevertheless, the supreme court rejected the respondent's argument

that the appellate court must review a permanency order and held that the appellate court may review such orders as a matter of judicial economy. *Curtis B.*, 203 Ill. 2d at 60.

We found the case of *Alicia Z.* procedurally distinguishable from *Curtis B.* At the time the respondent in *Alicia Z.* appealed from the dismissal of his motion to modify custody, no case or statute suggested that section 2—28(4) of the Act was final and appealable, and, therefore, the respondent had no reason to believe that Rules 301 and 304(a) would confer jurisdiction and that his noncompliance with Rule 306 would be excused. *Alicia Z.*, 336 Ill. App. 3d at 493.

Unlike *Alicia Z.*, there are a few cases where the appellate court has reviewed an order denying a petition to terminate parental rights, thereby suggesting that an appeal from an order denying a petition to terminate parental rights is final and appealable under Rules 301 and 303. See, *e.g.*, *In re K.B.*, 314 Ill. App. 3d 739 (2000); *In re J.B.*, 298 Ill. App. 3d 250 (1998); *In re Perez*, 173 Ill. App. 3d 922 (1988). While none of these cases explicitly addressed whether the court had jurisdiction over the appeal, the State reasonably could read each of these cases as containing an implicit affirmation by the appellate court that it had jurisdiction to review the order denying the petition for termination of parental rights.

██ However, as *Curtis B.* points out, only the failure to file a petition is excused, and the appellate brief is viewed as the petition itself. See *Curtis B.*, 203 Ill. 2d at 63. Therefore, even if we excuse the filing of the Rule 306(a)(5) petition, our decision to grant an interlocutory appeal under Rule 306(a)(5) rests within our discretion.

 Although we may exercise our discretion and entertain jurisdiction if we deem it appropriate, we decline to do so at this time. See *Alicia Z.*, 336 Ill. App. 3d at 494. While we find it inappropriate to comment on whether we would affirm or reverse the trial court's decision, we note that the standard of review is highly deferential. See *In re M.S.*, 302 Ill. App. 3d 998, 1003 (1999). Considerable deference is given to the trial court because the trial court had the opportunity to hear all of the testimony and arguments and observe the parties and the children. Moreover, given the length of time that has passed in this particular proceeding and the constant state of change involved here, events may have transpired since the trial court's initial decision that could affect the status of the case as well as the best interests of the children. We believe that the trial court should review and reevaluate its dispositional order before we consider a petition for appellate review.

Accordingly, we hold that the order denying the State's petition for terminating parental rights was not a final and appealable order

under Rules 301 and 303. We therefore dismiss the appeals on the basis of the lack of jurisdiction under Rules 301 and 303. We decline to entertain the State's appeal under Rule 306(a)(5).

Because we are dismissing the State's appeals, we must also dismiss the State's motion to strike portions of Tracy's appellate brief, which we ordered to be taken with the case.

Based on the foregoing, we dismiss the appeals from the denial of the State's petition to terminate respondents' parental rights.

Nos. 2—01—1251 and 2—01—1252, dismissed.

O'MALLEY and GROMETER, JJ., concur.